McDERMOTT, Appellant, vs. KERNAN and others, Respondents.

*September 18 — October 9, 1888.*

*Homestead: Exemption from execution: Temporary removal.*

A widow, who lived in the second story of a building which was used below as a saloon and dancing hall, removed from the building, not wishing her children to live over a saloon. She left some furniture in the building. and always intended to return and live in it — at all events when her daughters married. Meanwhile she rented the building; and about seven years after her removal she gave an absolute deed of the premises as security for borrowed money. *Held*, that the exemption of the premises from execution, as her homestead, was not impaired.

APPEAL from the Superior Court of *Milwaukee* County. The case is stated in the opinion. The plaintiff appealed from a judgment in favor of the defendants.

The cause was submitted for the appellant on the brief of *C. M. Bice,* and for the respondents on that of *Somers, So.ners & Dorr.*

To the point that, having obtained credit on the faith of owning real estate to all appearances not exempt by law, the defendant *Mrs. Delaney* cannot now claim the exemption, counsel for the appellant cited *Davis v. Kelley*, 14 Iowa, 525; *Baker v. Jamison*, 73 Iowa, 698.

For the respondents it was argued, *inter alia*, that the storing of furniture in the house during the absence of the owner is a sufficient occupancy to retain the right of exemption. *Zimmer v. Pauley*, 51 Wis. 282; *Brettun v. Fox*, 100 Mass. 234; *Shirland v. Union Nat. Bank*, 65 Iowa, 96; *Dennis v. Omaha Nat. Bank*, 19 Neb. 675; *Repenn v. Davis*, 72 Iowa, 548. The renting of a homestead during temporary absence therefrom does not work an abandonment of it. *Zimmer v. Pauley, supra; Shirland v. Union Nat. Bank, supra; Pryor v. Stone*, 70 Am. Dec. 341; *Tumlinson v. Swinney*, 76 id. 432.

ORTON, J. This action was brought by the appellant, as a judgment creditor of the respondent *Sarah A. Delaney*, after an execution had been returned unsatisfied, to set aside a conveyance made by said *Sarah* to the respondents *Bernard* and *Mary Kernan* of certain premises, in aid of said execution, on the ground of fraud. The evidence was, in substance, as follows: The said *Sarah A. Delaney*, prior to the 8th day of February, 1880, occupied the premises in controversy with her husband and six children as their homestead, at which date her husband died, and she continued to so occupy said premises with her children until the 19th day of April thereafter. The premises were a lot in the city of Milwaukee of 50 by 100 feet, and a house thereon, with a saloon room below, and four rooms above used as a family dwelling, and a hall thirty feet in length adjoining the house, used for dancing or other social purposes. The said Sarah did not wish to have her children occupy said rooms over a saloon, and she did not wish to keep a saloon,

and she accordingly moved out of the building, leaving, however, some furniture and a few pictures therein; and rented and occupied other premises, and kept a boarding-house, and rented said premises to one of her sons for the most of the time until May, 1887, when she rented them to one Miller for two years; and all the time she intended to return to said premises, and either live there again and let her sons keep the saloon, or convert the building into a dwelling or boarding house, and occupy the whole thereof for such purpose.   She intended to return when her daugh-ters married at all events, and without delay.   She borrowed money from time to time of the respondent *Bernard Ker-nan*, who was the husband of her daughter, the respondent *Mary Kernan*, in all of $200 or more; and, to secure the same, deeded said premises to said respondents in June, 1887, so that the said *Bernard* might reimburse himself out of the rents thereof.   This is the deed sought to be set aside.

The court, among other things, found that the said " *Sarah A. Delaney* removed from her said homestead for a temporary purpose, and with a fixed and abiding intention to return thereto, and live upon and occupy the same as her homestead, as soon as her circumstances would allow, . . .. and that she has purchased, acquired, or owns no real estate except that above described."   This finding is sustained by the evidence.   The conclusion of law from the facts so found is " that, at the time of said conveyance, said premises constituted and was the homestead of said *Sarah A. Delaney*, and as such was and is not liable or sub-ject to the lien of the plaintiff's judgment therein."

The contention of the learned counsel of the appellant is that the evidence shows that the premises were not owned and *occupied* as a homestead by the respondent *Sarah A. Delaney*, as required by the statute to make them exempt from sale under said execution; and cites *In re Estate of*

*Phelan*, 16 Wis. 76; *Herrick v. Graves*, 16 Wis. 157; and *Jarvais v. Moe*, 38 Wis. 440. The first two cases were decided under the law as it was previous to the statute of 1858, which is the present statute. The language of the opinions used was applicable to the peculiar facts of those cases, and yet the cases supposed in the opinion of Mr. Justice PAINE and that of the present chief justice, in which the homestead would not be lost by temporary removal with the intent to return, even if in the mean time the premises had been rented to a tenant, are not, in their facts, as strong in favor of exemption as the present case. The statute of 1858 was no doubt intended to provide for exemption in cases where before the facts of removal and sale were held to be evidence of an abandonment of the homestead. The present statute has made such facts consistent with the homestead right by providing that "such exemption shall not be impaired by temporary removal with the intention to reoccupy the same as a homestead, nor by a sale thereof." The language quoted by the learned counsel from the opinion of the late eminent chief justice in *Jarvais v. Moe, supra*, is applicable to this case, and sufficient authority for holding that the facts of this case establish a homestead. "The statute does not limit the measure of removal, but it does the kind of removal. To preserve his home upon removal, the temporary purpose; the *animus revertendi*, must be certain and definite." The same learned chief justice says: " Still 'owned and *occupied*' by the debtor, in the terms of the earlier statute, though the later statute allows the possession of the house and land to be *constructive* only during temporary absence, in right of the continuing home." This language answers the argument of the learned counsel, and clearly establishes the homestead right of the debtor in this case. Without commenting further on the facts of this case, it is sufficient to say that the above cases, and all subsequent cases in this court,

make the facts of this case perfectly consistent with the homestead right of the respondent *Sarah A. Delaney* in said premises. *Zimmer v. Pauley,* 51 Wis. 282; *Phillips v. Root,* 68 Wis. 128.

*By the Court.*— The judgment of the superior court is affirmed.

See note to this case in 39 N. W. Rep. 537.— REP.

