ELOFF and others, Plaintiffs, v. RIESCH, Defendant and Respondent: GEBHARD, Defendant and Appellant.

*October 4—October 31, 1961.*

The cause was submitted for the appellant on the brief of *Jos. F. Studnicka* of Milwaukee, and for the respondent on the brief of *Reuter, Murphy & Nichols* of Milwaukee.

BROADFOOT, J. The matter was submitted here upon a statement of the case under Supreme Court Rule 3a, sec. 251.2531, Stats. The issues raised upon this appeal are numbered and discussed separately.

1. *Must the judgment creditor have levied execution before Edward quitclaimed to Rosemary in order to assert the judgment lien after the conveyance?*

The circuit court answered in the affirmative. It then became unnecessary to decide questions as to Edward's homestead exemption.

Rosemary Riesch contends that Edward's conveyance to her extinguished Edward's interest and terminated Gebhard's judgment lien. She cites *Musa v. Segelke & Kohlhaus Co.* (1937), 224 Wis. 432, 272 N. W. 657. In that case a husband and wife acquired property in joint tenancy in 1915. Judgment against the husband was docketed in 1928. No execution was issued before his death in 1932. Later the judgment creditor attempted to levy on the interest of the deceased husband. This court decided that the creation of a lien by the docketing of the judgment without issuance of execution did not sever the joint tenancy, and that since the husband's interest during his life was subject to the right of survivorship no interest remained after his death upon which an execution could operate.

The *Musa Case*, however, is in point here only to the extent of its holding that the docketing of the judgment did not sever the joint tenancy. In that case the joint tenancy

continued until the death of one joint tenant. At the death of a joint tenant, the cotenant acquires exclusive ownership by virtue of the conveyance creating the joint tenancy. 4 Thompson, Real Property (1961 Replacement), p. 22, sec. 1779. Any lien existing against the interest of a joint tenant is subject to the right of survivorship and the survivor acquires exclusive title to the premises by virtue of that right.

In the present case the husband's interest was neither terminated nor transferred by survivorship or other incident of joint tenancy, but by his conveyance to his cotenant. Where a similar conveyance was attacked as being in fraud of creditors, this court held that the conveyance severed the joint tenancy and, in effect, transferred an undivided one-half interest. *Campbell v. Drozdowicz* (1943), 243 Wis. 354, 10 N. W. (2d) 158.

A judgment lien properly docketed is superior to a subsequent conveyance of the debtor's interest in real estate. *R. F. Gehrke Sheet Metal Works v. Mahl* (1941), 237 Wis. 414, 297 N. W. 373. Apart from the claim of homestead exemption, Gebhard's lien upon an undivided one-half interest was, therefore, superior to the title conveyed by Edward to Rosemary.

*2. Did Edward's interest cease to be exempt from judgment lien as a homestead?*

In view of our conclusion on the first question, it becomes necessary to consider whether Edward's interest in the property was exempt from the lien of Gebhard's judgment at the time he conveyed it to Rosemary.

Sec. 272.20 (1), Stats. 1955, exempted a homestead up to $5,000. (The amount was changed to $10,000 by ch. 248, Laws of 1959, effective August 5, 1959.) Where a homestead is subject to a mortgage we are to consider only the value of the equity of redemption in determining whether the $5,000 limitation is exceeded. *Northwestern Securities*

*Co. v. Nelson* (1927), 191 Wis. 580, 583, 211 N. W. 798. Here, the parties to the action seem to have assumed that the property was worth the purchase price of $13,400 at all material times. It is not suggested in the statement of the case that there was any effort to prove a different value at any time. We see no injustice under the circumstances in our proceeding upon the same assumption.

It is conceded that when the judgment was docketed in April, 1955, the property was occupied by both Edward and Rosemary as their homestead. The value of their combined equity was $3,196.62. Edward's interest was clearly exempt from the judgment lien at that date. It is claimed, however, that his interest ceased to be exempt when he left home in March, 1956.

Sec. 272.20 (1), Stats., provides that the homestead is exempt when "selected by a resident owner and occupied by him." Concededly Edward did not personally occupy the premises after March, 1956. It does not appear that his leaving was excused by any conduct of his wife; that there were any divorce proceedings, nor that his obligations to provide for his wife and children were altered in any way. Nor does it appear that he made another home available to them which they declined to occupy. To the extent of his interest in the property, he continued to help provide them with a home. Under these circumstances, continued recognition of the exemption would tend to fulfil the purpose of the exemption statute.

In dealing with the statutory requirement that a wife join in a conveyance of a homestead, this court has said, in *Beranek v. Beranek* (1902), 113 Wis. 272, 278, 89 N. W. 146:

"It is not to be understood that such homestead right can be defeated by the husband abandoning his family and leaving them to shift for themselves."

See also *Siegel v. Clemons* (1954), 266 Wis. 369, 63 N. W. (2d) 725.

Exemption laws must have a liberal construction to effect their purpose. *Julius v. Druckrey* (1934), 214 Wis. 643, 649, 254 N. W. 358. In the light of this principle, we conclude that the statutory requirement of residence and occupancy in order to claim the exemption was fulfilled as to Edward by residence and occupancy by his family under the circumstances of this case, and that his interest in the property did not lose its exempt status.

It is true that Edward's wife and children had been absent from the property for several weeks at the time Edward conveyed his interest to his wife. Sec. 272.20 (1), Stats., provides that the homestead exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead. The circuit court found that "she vacated the same temporarily for personal and family reasons, intending to return to actual possession when circumstances permitted." This court has said that where a wife removes her family from the homestead intending to return "as soon as her circumstances would allow," she had not abandoned the homestead, *McDermott v. Kernan* (1888), 72 Wis. 268, 270, 39 N. W. 537, although there must be a certain and abiding intention of returning to the premises and residing in them as a homestead, *Moore v. Smead* (1895), 89 Wis. 558, 62 N. W. 426, and the intention must not be conditional or indefinite. *Jarvais v. Moe* (1875), 38 Wis. 440. The circuit court here concluded that Rosemary had not abandoned the homestead, and under the facts given us in the statement of the case it cannot be said that her intention to return to the homestead was so vague and indefinite that the court's conclusion was erroneous. Thus we reach the conclusion that at the time of the conveyance of Edward's interest to his wife, his interest

was exempt from the lien of Gebhard's judgment except for the question hereinafter discussed arising out of the statutory limitation upon the value of an exempt homestead.

3. *Did the value of Edward's interest exceed the value of limitation on a homestead?*

The amount unpaid on the first mortgage was $6,964.86 on December 28, 1957. A second mortgage on which $1,502.53 had been unpaid April 8, 1955, the date of Gebhard's judgment, had been fully paid by Rosemary before December 28, 1957. If, as against Edward and Gebhard, she was subrogated to the rights of the mortgagee, that amount should also be deducted from the value of the property before computing the value of Edward's interest at one half the difference. Doing so, the value of his interest as of December 28, 1957, would be less than $2,500 and clearly exempt. It would then be unnecessary to decide whether Edward could claim a full $5,000 exemption as decided in *In re Blodgett* (D. C. Wis. 1953), 115 Fed. Supp. 33, or as permitted since amendment of sec. 272.20 (1), Stats., by ch. 301, Laws of 1957, where joint tenants reside in the same household.

A cotenant who, under the compulsion of saving his own interest, pays off a mortgage upon the entire interest is entitled to be subrogated to the rights of the mortgagee against his cotenants and he has a lien against their interests. *Home Owners' Loan Corp. v. Papara* (1942), 241 Wis. 112, 118, 3 N. W. (2d) 730; *Hermance v. Weisner* (1938), 228 Wis. 501, 505, 279 N. W. 608, 117 A. L. R. 1437; 14 Am. Jur., Cotenancy, pp. 111, 112, sec. 45; 4 Thompson, Real Property (1961 Replacement), pp. 27, 28, sec. 1780. See Restatement, Restitution, p. 435, sec. 104. This is so even though the joint tenants are husband and wife. *Petty v. Petty* (1927), 220 Ky. 569, 295 S. W. 863.

Where the person making the payment does so with the intention to make a gift to the other, no subrogation occurs because such payment is voluntary and subsequent enrichment is not unjust. Restatement, Restitution, p. 654, sec. 162, comment *b*. Nothing in the record before us indicates that Rosemary paid the mortgage for any reason except to protect her interest in the property from foreclosure. It does not appear that she intended any gift to Edward.

Accordingly we conclude that Edward's interest was entirely exempt from the lien of the Gebhard judgment at the time Edward conveyed his interest to Rosemary.

Although our reasoning differs from that followed by the circuit court, we reach the same result.

*By the Court.*—Judgment affirmed.