**In re Thomas H. LUMB, Debtor.**

**Bankruptcy No. 81–00210.**

United States Bankruptcy Court, E. D. Wisconsin.

July 23, 1981.

Louis R. Jones, Jones & Feldner, Milwaukee, Wis., trustee.

Robert G. Dowling, Shneidman, Myers & Gendlin, Milwaukee, Wis., for debtor.

Steven J. Steinhoff, Charles I. Phillips, Waukesha, Wis., Robert A. Kagen, Kahn & Levine, Milwaukee, Wis., for creditor.

## MEMORANDUM DECISION AND ORDER

C. N. CLEVERT, Bankruptcy Judge.

The trustee in this case objected to the $14,219.34 homestead exemption claim by the debtor in accordance with § 815.20, Wis. Stat., on the ground that the debtor was not entitled to the exemption because he was not an owner-occupant of the property as required by the exemption statute. Alternatively, the trustee argued that if the debtor did qualify for the exemption, he should not be allowed to claim more than half of it because the property was jointly owned.

At the hearing held on March 25, 1981, two creditors appeared in support of the trustee's position and sought leave to file amicus briefs. Leave was granted and briefs were subsequently filed by all parties.

\* \* \* \* \* \*

The facts thus presented are set forth below.

Prior to March, 1980, Thomas Lumb, the debtor, and his wife, Suzanne, jointly owned and lived in a house at 1116 Aldoro Drive, Waukesha, Wisconsin.

In March of 1980, the debtor was ordered to leave the house by the family court commissioner hearing his divorce case. Lumb complied, and moved into his parents home at 109 East Park Avenue, Waukesha, while Mrs. Lumb and the couples' two minor children remained in the family home.

In April of 1980, the Lumbs were granted a divorce, at which time the Waukesha County Circuit Court entered a judgment which, among other things, provided that Suzanne and the minor children "be allowed to reside in the homestead of the parties"; and that the debtor pay the monthly home mortgage note, real estate taxes and annual home insurance premiums. Moreover, the court ordered the debtor to split evenly any home repair costs in excess of one hundred dollars during the time the home was occupied by Suzanne Lumb and the children. And, finally, the court ordered that the parties sell the home and evenly divide the proceeds, after allowing certain enumerated adjustments and credits, in the event that they were first unable to refinance their home.

On January 23, 1981, the debtor filed his voluntary petition under Chapter 7 of the Bankruptcy Code and claimed the Aldoro Drive residence as an exempt homestead in the amount of $14,219.34. It is the trustee's objection to that exemption claim which this court is now considering.

\*     \*     \*     \*     \*     \*

The first issue which must be decided is whether the right of an owner-occupant of residential property to claim a Wisconsin homestead exemption in that property is lost by complying with a family court commissioner's order to leave home. I think not.

■ Although the right to claim a Wisconsin homestead exemption initially appears to be limited to resident owners of property, the exemption statute actually benefits resident owners and nonresident owners who temporarily leave their property with the intention of living in it at a later date. In § 815.20(1) it is stated in pertinent part:

> An exempt homestead as defined in s. 990.04(14) selected by a resident owner and occupied by him shall be exempt from execution, from the lien of every judgment and from liability for the debts of such owner to the amount of $25,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. Such exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding $25,000, while held, with the intention to procure another homestead therewith, for 2 years.

Wisconsin Courts have liberally interpreted this statute and in the case of *Eloff v. Riesch*, 14 Wis.2d 519, 111 N.W.2d 578 (1961) it was found that the joint owner of a duplex retained his right to claim a homestead exemption although he had voluntarily left home and had failed to live in the property from March 19, 1956, to December 28, 1957. The Wisconsin Supreme Court observed:

> Concededly Edward did not personally occupy the premises after March, 1956. It does not appear that his leaving was excused by any conduct of his wife; that there were any divorce proceedings, nor that his obligations to provide for his wife and children were altered in any way. Nor does it appear that he made another home available to them which they declined to occupy. To the extent of his interest in the property, he continued to help provide them with a home. Under these circumstances continued recognition of the exemption would tend to fulfil the purpose of the exemption statute... [W]e conclude that the statutory requirement of residence and occupancy in order to claim the exemption was fulfilled as to Edward [Riesch] by residence and occupancy by his family under the

circumstances of this case, and that his interest in the property did not lose its exempt status. 14 Wis.2d at 524–525, 111 N.W.2d 578.

■ I believe that ample authority is provided in *Eloff* for my conclusion that the debtor is entitled to claim his Wisconsin homestead exemption. The factors which supported the court's conclusion in *Eloff* are all present in this case but, more importantly, the fact that the debtor had to leave home or risk being held in contempt of the Court Commissioner's order as compared with Edward Riesch who left home voluntarily, clearly indicates that the circumstances and equities underlying the *Eloff* decision are far greater in this case.

In considering the privilege of a nonresident to claim a homestead exemption in property jointly owned with an ex-spouse, the Wisconsin Supreme Court has stated:

It is well settled that the wife, if driven from her home by the cruelty of her husband, loses no rights, and forfeits none of the immunities or privileges to which she is entitled by law; but that she retains the same without prejudice as if she had remained in the house or continued to reside with her husband. *Barker, Receiver, et al. v. Dayton et al.*, 28 Wis. 367, 383 (1871). *Accord Keyes v. Scanlan*, 63 Wis. 345, 350, 23 N.W. 570 (1885). *See* 40 Am.Jur.2d Homestead, § 182 (1968).

Since it can be presumed that Suzanne Lumb obtained the restraining order requiring the debtor to leave home, it follows that the debtor was essentially driven from his homestead. Consequently, I must find that he neither lost nor forfeited his statutory right to claim his Wisconsin homestead exemption.

Although this issue was previously decided in this district against a trustee in (*In re Beilke*), *Roy Willis Beilke v. Gerald Cohen* Case No. 71–B–2423 (E.D.Wis. March 20, 1972), a Bankruptcy Act case, the trustee in this case and the creditors who filed amicus briefs asked that I disregard that decision.

That I cannot do as I find *Beilke* precisely on point. Nevertheless, the trustee and his supporters have argued that *Beilke* sustained a fiction by allowing the bankrupt's homestead exemption even though the bankrupt did not occupy the property. They reasoned that *Beilke* was decided against the trustee to insure that the bankrupts fresh start would not be impaired. Furthermore, they conclude that the fiction should not be continued because the Bankruptcy Reform Act of 1978 has expanded the available exemption by developing federal exemptions which may be claimed by the debtor as an alternative to the State exemption.

Examination of the *Beilke* case reveals that the facts are similar to those before this court. The bankrupt occupied and owned a home in joint tenancy with his wife at the time their divorce case was commenced. The divorce court ordered the bankrupt to vacate the home and, thereafter, the bankrupt lived in rented rooms which he continued to occupy almost six months after his divorce, at which time he filed his bankruptcy petition.

In deciding the case the court analyzed the divorce judgment and determined that the divorce court intended to preserve the homestead rights of the parties. In doing so it noted the following:

First, the [divorce] court terminated the joint tenancy in the *homestead* and awarded an undivided forty percent interest to the husband, and an undivided sixty percent interest to the wife. The court also provided that the *homestead* be held by the parties as tenants in common until it could be sold.

Second, the [divorce] court intended that the homestead should be sold and that the proceeds of the *homestead* should be divided between the parties on a sixty-forty basis. However, in keeping with the statutory law in Wisconsin that a divorce does not become final until one year has elapsed, the court provided that the *homestead* could not be sold within

one year except by mutual consent of the parties.[1]

Third, the court intended that until the *homestead* could be sold, the wife could occupy the home rent free, and she was also entitled to the rentals from the tenant and roomer.

Fourth, the Circuit Court ordered the husband to pay all property taxes and maintenance costs on the homestead until sold, but gave him a credit for sixty percent of such expense upon the sale of the *homestead.*

Fifth, future alimony was to be determined by the court on motion of either party after the sale of the *homestead. In re Beilke,* sl. op. at p. 4.

It is clear to me that *Beilke* did not sustain a fiction; that the facts fully supported the court's decision; and that *Beilke* was consistent with Wisconsin's strong policy to support and protect the homestead exemption. *Schwanz v. Teper,* 66 Wis.2d 157, 223 N.W.2d 896 (1974). Furthermore, the foundation for the *Beilke* decision has not been eroded by the passage of the Bankruptcy Reform Act of 1978. Congress intended to provide debtors with a meaningful choice of exemptions when it wrote Federal and State exemptions into the Bankruptcy Code; it did not intend to provide debtors with an illusory choice such as the trustee suggests. H.R.Rep.No.595, 95th Cong., 1st Sess. 360 (1977). S.Rep.No.989, 95th Cong., 2d Sess. 75–77 (1978), U.S.Code Cong. & Admin.News 1978, 5787.

\* \* \* \* \* \*

■ The next issue is whether the debtor is entitled to the full $14,219.34 exemption that he claimed, despite the absence of evidence that his ex-wife agreed to so divide her interest in the property. This issue arose as a result of § 815.20(1), Wis.Stat., which in pertinent part reads:

1. The statute referred to in the above, Law of Aug. 4, 1966, ch. 625, § 44 (1965) Wis.Stat., was repealed in 1971 and has been superseded by § 767.37(3) Wis.Stat. *See* note 2 p. 7 infra.

2. Section 767.37(3)
   When a judgment of divorce is granted it shall be effective immediately except as provided in s. 765.03(2). Every judge who grants a judgment of divorce shall inform the parties

Such exemption extends to land owned by husband and wife jointly or in common, and when they reside in the same household may be claimed by either or may be divided in any proportion between them, but in no event shall the exemption exceed $25,000 for such household. In the event the husband and wife fail to agree on the division of exemption, the exemption shall be divided between them by the court in which the first judgment was taken. Such exemption extends to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants, and to any estate less than a fee.

The trustee argued that if the *Beilke* rationale applied in this case, the total available homestead exemption would be $25,000 to be shared by the debtor and his ex-wife. Therefore, the trustee concluded that the debtor could claim an exemption of no more than $12,500.

But, the trustee failed to recognize that the debtor was not married when he claimed his exemption and that § 815.20(1) does not limit *this* debtor's right to claim an exemption. The granting of the debtor's divorce from Suzanne Lumb on April 24, 1980, was immediately effective. § 767.-37(3), Wis.Stat.[2] Therefore, any limitation placed on the debtor's right to claim his Wisconsin homestead exemption was removed prior to the filing of his bankruptcy petition on January 23, 1981.

This view is supported by *In re Blodgett,* 115 F.Supp. 33 (E.D.Wis.1953) wherein Senior District Judge Robert Tehan traced the evolution of Wisconsin's homestead exemption and discussed § 272.20 Wis.Stat. (1951).[3] The statute read in part:

appearing in court that the judgment is effective immediately except as provided in s. 765.-03(2).

3. For further discussion of evolution of Wisconsin's homestead exemption see, Kreitler, *Establishment and Abandonment of a Wisconsin Homestead* 1973, Wis.L.Rev. 876 and Crow, *The Wisconsin Homestead Exemption Law,* 20 Marq.L.Rev. 1 (1935).

An exempt homestead as defined in section 370.01(14) selected by a resident owner and occupied by him shall be exempt from execution, from the lien of every judgment and from liability for the debts of such owner to the amount of $5,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided.... Such exemption extends to land owned by husband and wife jointly or in common and to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants, and to any estate less that a fee.

Commenting on the statute Judge Tehan wrote:

There is nothing in the wording of the statute that places any kind of family limitation upon it [the $5,000 homestead exemption] nor is there anything in the statute to suggest that the exemption is to be divided in the case of joint ownership. The Wisconsin court has in fact, held that the benefits of the law are not restricted to married men in that a single man who owns real estate and resides upon it is entitled to homestead rights. 155 F.Supp. at 38.

■ Thereafter, apparently at the suggestion of Judge Tehan, 115 F.Supp. at 38–39, the Wisconsin legislature amended Section 272.20 to include the present limitation on the homestead exemption which may be claimed by a husband and wife. However, the legislature declined to modify or limit the homestead exemption which could be claimed by non-married joint owners or, as in this case, divorced joint owners. Therefore, as the debtor argued in his brief, it is reasonable to conclude that the limited action by the Wisconsin legislature in amending the homestead exemption statute following *In re Blodgett* evidences the legislature's intent to leave intact the law regarding the full availability of the homestead exemptions to non-married and divorced joint owners.

In view of the foregoing, which constitutes my opinion in this contested matter, the trustee's objection to the debtor's homestead exemption claim is hereby denied.