**In the Matter of Harold GULLICKSON, Debtor.**

**Bankruptcy No. MM7–83–01488.**

United States Bankruptcy Court, W.D. Wisconsin.

June 7, 1984.

Michael J. Steckelis, Madison, Wis., for debtor.

John A. Heibl, Heibl, Heibl & Crisafi, Madison, Wis., for creditor State Bank of Mt. Horeb.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Upon consent of the parties and in recognition that no facts are in dispute, this contest over the debtor's claim to a homestead exemption is submitted to the court on briefs. The facts are summarized below.

Prior to their divorce, the debtor and his former wife had resided together in Mt. Horeb, Wisconsin. Sometime before his wife petitioned for divorce on October 8, 1981, the debtor had removed to rented quarters elsewhere in Mt. Horeb. Debtor claims, and objector does not seriously dispute, that debtor moved away from his homestead as a result of family discord. On November 11, 1981, the Family Court Commissioner issued a temporary order, providing that the petitioning wife have "exclusive temporary use" of the family home. Judgment of divorce was entered May 21, 1982. Pursuant to the judgment, the debtor quit-claimed his interest in the property to Mrs. Gullickson, and received a mortgage and note for $4,000. The debtor has claimed his "mortgage interest" as exempt homestead under WIS.STAT. § 815.-20 and 11 U.S.C. § 522(b).

Debtor filed his chapter 7 petition with this court on September 16, 1983. A meeting of creditors, scheduled for October 17, 1983 was continued to October 24. The State Bank of Mt. Horeb ("Bank") mailed its objection to the debtor's claimed homestead exemption on November 23, 1983. The objection was received by the court November 25, 1983.

■ The debtor's contention that the Bank's objection to exemptions was untimely relies upon the court's original notice of a meeting of creditors, which he claims fixed October 26, 1983 as the last day for filing objections to exemptions.[1] The objection is untimely, but for a different reason.

Fed.R.Bankr.P. 4003(b) provides that "any creditor may file objections to the list of property claimed as exempt within 30 days after *the conclusion* of the meeting of creditors ... or the filing of any amendment to the list" (emphasis supplied). The meeting of creditors in this case concluded on October 24, 1983. Creditor therefore had until November 24 to file objections. In case of seeming conflict between the court's notice and the Federal Rules, the Rules must prevail. But those same rules give the creditor thirty days to file objections, and allow an extension of a time period if sought before its expiration, Rule 9006(b)(1), or afterwards if delay is due to excusable neglect. *Id.* The objecting creditor neither filed in time nor timely sought extension.[2]

The Bank may rely upon Rule 4003(b), allowing thirty days for creditor objections to "any amendment." Debtor amended his exemption schedule on November 3, 1983 to affect other property. That amendment cannot increase the time in which the Bank may object to the claimed exemption in the "homestead." The Rules must be construed reasonably. It seems clear that the Bankruptcy Rule intended to allow for objections to those amendments which are actually made, and not to reopen previously determined issues.

■ Although it is not necessary to do so, it may be useful to review briefly the merits of the Bank's objection. WIS.STAT. § 815.20 provides for a homestead exemption, which "shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding $25,000, while held, with the intention to procure another homestead therewith, for 2 years." Under federal law, the debtor may claim the Wiscon-

---

1. It is apparent from the complete court file that debtor's counsel has misread the order in question.

2. A three-day enlargement of time is automatically granted when an act must be done within a specified time after *service* of a paper by mail. Rule 9006(f). This enlargement is inapplicable to the present case, where the starting point was an *event*.

sin exemptions to which he is entitled. 11 U.S.C. § 522(b)(2)(A).

Several decisions of bankruptcy courts have considered claims to homestead exemption by Wisconsin debtors who have removed from the premises before the completion of divorce proceedings. In *In Re Lumb,* 12 B.R. 862 (Bankr.E.D.Wis.1981), the debtor left his homestead pursuant to a court order. The bankruptcy court held that leaving a residence pursuant to such an order did not impair a homestead exemption in the residence. In *Lumb,* and in the leading Wisconsin case on which it relied, *Eloff v. Riesch,* 14 Wis.2d 519, 111 N.W.2d 578 (1961), the debtors had continued to pay expenses connected with the home after they physically left it. *Lumb* does not confront the question of the debtor's intention to reoccupy the premises or purchase a new homestead with the proceeds of an intervening sale, but an earlier Wisconsin bankruptcy case, *In Re Beilke,* No. 71–B–2423 (E.D.Wis. March 20, 1972), on facts similar to *Lumb,* found in favor of the exemption on the ground that the divorce judgment, which was intended to preserve the parties' homestead rights, extended to the proceeds of a sale.

Both parties to the present objection rely upon *In Re Neis,* 17 B.R. 656 (Bankr.W.D. Wis.1982) decided by this court in 1982, and reversed by the District Court, 27 B.R. 985 (W.D.Wis.1983). Neither party shows awareness of the reversal of the District Court's judgment by the Seventh Circuit, 723 F.2d 584 (1983). In *Neis,* the debtor left his family home due to marital difficulties. After his removal, his wife obtained a temporary order requiring the debtor to vacate the residence he had already left. By a stipulation included in the ultimate divorce decree, the wife was to occupy the homestead pending its sale, and the proceeds were to be divided. The debtor briefly reoccupied the premises after his wife left. He filed his bankruptcy petition, and the house was sold soon after. During his period of removal from the homestead, several judgment liens were docketed against him. The court determined that Neis was prevented from occupying the homestead at the time of docketing, first by marital

trouble and then by court order. Upon remand from the Court of Appeals this court made more explicit findings as to Neis' intention to reoccupy if possible. Upon those findings the allowance of the homestead exemption by the removed husband was sustained.

In a very recent decision, the Ninth Circuit Court of Appeals has held that a lien on a former homestead, granted the debtor in a divorce decree, did not of itself constitute a sufficient basis for a homestead exemption under an Oregon law similar to the Wisconsin homestead statute. *In Re White,* 727 F.2d 884, 886 (9th Cir.1984). The court remanded the case for findings as to whether the lien constituted "proceeds" of the sale of a homestead, which might be retained for up to one year (two years in Wisconsin), with the intent to reinvest in a homestead. In discussing this issue, the court observed that it was unlikely the debtor could reinvest the proceeds within the one-year period, but noted that in California, under a similar statute, this period was tolled when delay is through no fault of the debtor. *Id.* at 887–888. Gullickson's intentions may be significant, but in any event his right to use the mortgage proceeds is limited by the present proceeding.

*Neis* controls the present decision. The debtor left his home due to marital troubles, manifested no intention contrary to returning if permitted, and was ultimately prevented from returning by a court order sought by his wife in divorce proceedings brought by her. There is a "bias ... toward the debtor" of Wisconsin law—*Neis,* at 587, *cf. Eloff v. Riesch,* 14 Wis.2d 519, 111 N.W.2d 578 (1961)—and Fed.R. Bankr.P. 4003(c), which places the burden of proof on the party objecting to a claimed exemption, Gullickson's homestead exemption. That burden having not been met the debtor's exemption in the proceeds of the homestead must be allowed.

In summary, the objection was not timely filed. Even had the objection been timely filed, it would not have been sustained.

Therefore, the objection must be and hereby is ordered denied.