PHILLIPS, Respondent, vs. ROOT, Appellant.

*January 12 — February 1, 1887.*

EXECUTION: HOMESTEAD. *(1) Attachment: Withdrawal of traverse: Estoppel to claim exemption. (2) Sale of homestead with other tracts: Vacating sale. (3) Temporary removal.*

1. The affidavit for an attachment alleged that the defendant was about to dispose of his property with intent to defraud his creditors. The defendant traversed the affidavit, but afterwards stipulated to

withdraw the traverse and allow the plaintiff to take judgment for a sum less than his demand. Execution issued on the judgment, and was satisfied by the sale of several parcels of land which had been seized on the attachment. *Held,* that the defendant was not estopped from claiming that one of such parcels was his homestead and exempt from sale.

2. Where under an execution a homestead is sold with other parcels of land for a gross sum, the entire sale should be set aside; but, upon application, the satisfaction of the execution will be vacated so that an *alias* execution may issue.

3. Removal from a homestead for a temporary purpose,— as to enable children to attend school,— but with the intention to reoccupy it, does not impair the exemption.

APPEAL from the Circuit Court for *Chippewa* County. This action was commenced in March, 1881, to set aside, as a cloud upon the plaintiff's title, a sheriff's deed of certain premises described as lot 4, township 30, range 7, in Chippewa county. The deed included several parcels of land besides the premises above described, all of which had been attached in an action by the defendant against the plaintiff, November 26, 1872, and had been sold to the defendant under an execution issued upon the judgment obtained in that action, September 21, 1874. The plaintiff alleges that previous to, at the time of, and ever since, the levy of said attachment, the premises in question were his homestead and as such exempt from seizure.

Other facts are stated in the opinion. The plaintiff had judgment setting aside the sheriff's deed and certificate of sale. The defendant appealed.

*Arthur Gough,* for the appellant.

For the respondent there was a brief by *Stafford & Connor,* and oral argument by *Mr. Connor.*

COLE, C. J. The learned counsel for the defendant below insists that the plaintiff is estopped by the traverse of the affidavit in the attachment, or by the stipulation for judg-

ment in that action, from now claiming that lot 4 in question was or is his homestead. It appears that the ground stated in the affidavit for the attachment was that the defendant in that suit was about to dispose of his property with intent to defraud his creditors. There was a traverse of this affidavit. While the traverse was being tried, the parties entered into a stipulation that the traverse should be withdrawn by the defendant, and that the plaintiff in that suit should take judgment for the amount claimed in his complaint,— less $50,— with taxable costs, and a judgment was entered according to the stipulation. Lot 4, with other real estate, was subsequently sold on execution issued on this judgment.

Now, we are unable to see how the proceeding on the traverse could have created an estoppel, even if it had been decided against the present plaintiff. The issue on the traverse simply was whether he had disposed, or was about to dispose, of his property with the intent to defraud his creditors. It could not possibly involve any question of homestead right in the premises which had been seized on the attachment. It is obvious that the fact whether a part of the premises attached was a homestead was one which could not be investigated on the trial of the traverse. The only matter which could be determined on that issue was the existence of the facts stated in the affidavit, nothing more. From the nature of the case, that was the sole issue to be tried. But even that issue was never tried, as the traverse was withdrawn. Neither can we see that there is anything in the stipulation which concludes the plaintiff from asserting his claim to the homestead. True, the parties stipulated to withdraw the traverse and that judgment should be entered for the amount of plaintiff's claim, less $50. It is said, because the plaintiff remitted a part of his claim, the defendant is prohibited in good faith from subsequently insisting upon the exemption. But it does not appear that

the $50 deduction was made in consideration that the present plaintiff would waive his homestead privilege. Whether, if such a waiver was positively shown, it would preclude him from afterwards asserting his homestead right, is a question we need not consider, as no such waiver is proven. The plaintiff in that suit may have remitted a part of his claim to avoid the expense of a trial on the defendant's consenting that he should have judgment for the residue. But there is nothing in these facts which operates as an estoppel against the plaintiff claiming his homestead if it in fact was such when seized on the attachment.

Now, in respect to the question whether lot 4 was a homestead. The court below found as a fact that on and before the 26th day of November, 1872, the plaintiff did — ever since has — and now owns that lot, which does not exceed forty acres, and was used for agricultural purposes; that it has at all times been used and occupied by him and his family as and for a homestead. This being the case, the plaintiff is entitled to have the sheriff's certificate and deed, so far as that lot is concerned, canceled. It was not subject to sale on execution. Counsel claims, however, that the finding of the court on this point is contrary to the weight of evidence and all the probabilities of the case. We cannot concur in that view of the testimony. It must be admitted, we think, that there is ample testimony to sustain the finding that this lot was the homestead of the plaintiff. Indeed, it seems to us that the weight of evidence supports the conclusion that it was his homestead in 1872, when the attachment was levied. There is nothing to show any abandonment of these premises as a homestead. True, the evidence shows that his family lived some months in Chippewa Falls, and the reason for this is given. But the exemption was not impaired by this temporary removal, with the intention to reoccupy the premises as a homestead. R. S. 1878, sec. 2983. It is but a fair inference from the testi-

mony that the removal to Chippewa Falls for some months was only for a temporary purpose, to enable the daughter to attend school at that place, without any intention of abandoning the homestead.

In this case the execution was satisfied by a sale of the homestead and three other lots. It is probable that the property was all sold together. At all events it is impossible to tell, if the lots were sold separately, what was bid for each. The court could not, therefore, grant the relief to which the plaintiff was entitled without setting aside the entire sale and canceling the certificate and sheriff's deed, as it did. The counsel for the appellant claims that it was error to set aside the entire proceedings without at least reviving the judgment or vacating the satisfaction of the execution. Of course, if the sale of the property is set aside, the satisfaction of the execution should be vacated, so that there can be an *alias* execution issued to collect the judgment. The circuit court will undoubtedly do this on application being made therefor. An execution can then be issued for the sale of any property belonging to the judgment debtor not exempt. But, as the case stood, the court was under the necessity of setting aside the entire sale. The rights of the appellant, however, can be protected by his applying to the court to have the satisfaction of the former execution vacated, and for leave to issue an *alias* execution.

We think the judgment must be affirmed.

*By the Court.*— Judgment affirmed.