HAUSER, Respondent, vs. SCHAUER, Appellant.

*March 8—April 3, 1934.*

For the appellant there was a brief by *J. M. Peters* of Hartford, attorney, and *Elmer W. Roller* of Milwaukee of counsel, and oral argument by *Mr. Peters*.

*John W. Burkhardt* of Milwaukee, for the respondent.

NELSON, J.    This controversy hinges upon the answer to the question whether a certain residence located in the city of Hartford constituted the homestead of Jerusha Danielson on September 9, 1930, when she conveyed it to the plaintiff.

The court found the facts and concluded that at the time Jerusha Danielson conveyed the premises they constituted

her homestead, and were therefore not subject to the lien of a judgment theretofore obtained by the defendant against her. The defendant contends that the court erred in its conclusion. It will be necessary therefore to consider the facts adduced upon the trial.

Jerusha Danielson is the daughter of the plaintiff and the wife of Valentine Danielson. For about nine years prior to 1927 she owned and occupied the property in question as her homestead. It is located in the city of Hartford and consists of a parcel of land fifty by one hundred and ten feet upon which is erected a residence. In 1927 Mr. and Mrs. Danielson and the defendant organized a corporation for the purpose of engaging in the trucking business. In order to promote and carry on the business of the corporation Mr. and Mrs. Danielson removed from the city of Hartford to the city of Beaver Dam where they occupied a rented residence. The house at Hartford was vacated by them and rented to another. Within ten months to a year the corporation became insolvent and ceased to do business. The Danielsons then removed from Beaver Dam to West Allis where Mr. Danielson obtained work. They rented a house in West Allis which they occupied for six to eight months. They then removed to Milwaukee where they rented a house located on Twenty-second street. After about two months they moved into another house located on Twenty-sixth street. A month or so thereafter the plaintiff traded her farm for the Twenty-sixth street home and another property. Thereafter in August, 1929, the plaintiff deeded the Twenty-sixth street home to Mrs. Danielson. That property was subject to a building and loan association mortgage of $6,000. Under the terms and conditions of the mortgage the Danielsons were required to make monthly payments of $66 to the association. After some time Mr. Danielson was unable to make the payments. The plaintiff thereupon, for the purpose of making it easier for the

Danielsons, took over the Hartford property, at an agreed price of $2,500, which permitted the Danielsons to pay $2,000 on the building and loan association mortgage. Mrs. Danielson conveyed the Hartford property to the plaintiff on September 9, 1930, about twelve or thirteen months after she had acquired the Twenty-sixth street property. Some time after the Hartford property was conveyed, when the abstract was continued, it was discovered that on January 30, 1930, a judgment on cognovit for $3,782.45 had been taken against Mrs. Danielson in the circuit court for Milwaukee county, and that a transcript of such judgment had been filed in the office of the clerk of the circuit court for Washington county, all prior to September 9, 1930.

It is clear that the Hartford property was subject to the lien of the judgment unless such premises constituted the homestead of Mrs. Danielson at the time she conveyed them.

It is undisputed that from August, 1929, to September 9, 1930, Mrs. Danielson owned two residences, and that during that time she lived in one of them and rented the other. Mrs. Danielson for some reason or other did not testify at the trial. Mr. Danielson, however, testified that at the time he moved to Beaver Dam he had no intention of abandoning the home in Hartford; that when he went to Milwaukee he had no intention of giving up his home in Hartford but always "figured on moving back" if he could get work there. No other evidence having any bearing upon the intention of Mrs. Danielson to return to the Hartford property and to occupy it as a homestead was adduced.

It is our opinion that the evidence wholly fails to show that the removal of the Danielsons from the Hartford property was a "temporary removal with the intention to re-occupy the same as a homestead." Sec. 272.20, Stats. With the exception of Mr. Danielson's testimony as to what his intentions were when he removed to Beaver Dam and later on to Milwaukee, there is no evidence tending to show that

the removal of the Danielsons from the Hartford property was temporary or with the intention to reoccupy the same. While it is always proper for one claiming a homestead exemption to testify as to what his intentions were at the time of removing from his homestead, such professions are of little force or effect when they are of an *ex post facto* character and made after intervening occurrences have made such professions advantageous. Especially is this so when it appears that his professions are not only uncorroborated by other facts but are wholly inconsistent with all of his acts and conduct. *Jarvais v. Moe*, 38 Wis. 440. The words "temporary removal" obviously relate to a removal that is temporary and for a temporary purpose. *Herrick v. Graves*, 16 Wis. *157; *Jarvais v. Moe, supra; Phillips v. Root*, 68 Wis. 128, 31 N. W. 712; *Pedersen v. Nielsen*, 212 Wis. 608, 250 N. W. 400. In the *Jarvais Case* it was said (p. 446) :

"A person may live in successive homes, but can have one home only at one time. He may have several houses at once, but one only can be his home at a time. 5 Metc. 588. The presumption is that he is at home where he is found living. 1 Kent, 76. The presumption may be rebutted by showing his abode temporary, and his home elsewhere. But to preserve his home upon removal from it, the temporary purpose, the *animus revertendi*, must be certain and definite. 'A vague intention to return perhaps at some future time and reside there again,' will not preserve his home. PAINE, J., *supra*. As a temporary abode is not a home, so a temporary removal from home is not an abandonment of it. But such a removal as gains a new home, is an abandonment of the old homestead. The removal of the statute must be with a certain and abiding purpose of return."

There are no facts or circumstances in this action which can be said to overcome the presumption that the removal was made *animo manendi*. Compare *Blackburn v. Lake Shore Traffic Co*. 90 Wis. 362, 63 N. W. 289. The claim made on behalf of Mrs. Danielson, that her removal from

the Hartford property was temporary and with the intention to reoccupy it, finds no support in the evidence.

Under the applicable and well-established law, the conclusion of the trial court that the Hartford property constituted the homestead of Mrs. Danielson on September 9, 1930, cannot be upheld.

*By the Court.*—Judgment reversed, with directions to vacate the judgment and to dismiss the complaint.