**In re James R. NABBEFELD, Debtor.**

**Bankruptcy No. 87–01080.**

United States Bankruptcy Court,
E.D. Wisconsin.

July 22, 1987.

John A. Muraski, Green Bay, Wis., trustee.

Theodore A. Miller, Green Bay, Wis., for debtor.

## DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

The debtor, James Nabbefeld, filed a chapter 7 bankruptcy petition on March 10, 1987. In his schedules, he listed "Lien on Homestead, $15,000" as real property in which he had an interest, and he claimed "Homestead, $15,000" as exempt pursuant to § 815.20 of the Wisconsin Statutes.[1] The trustee objected to the claimed exemption on the following grounds:

> Debtor's interest is actually a lien against ex-spouse's homestead as result of divorce judgment; such interest is not entitled to homestead treatment or exemption under Wisconsin Statutes.

The underlying facts are not in dispute.

Some time prior to May of 1986, the debtor's then wife, Loretta Nabbefeld, com-

---

1. **815.20 Homestead exemption definition.** (1) An exempt homestead ... selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment and from liability for the debts of the owner to the amount of $40,000, ... except as otherwise provided. The exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding $40,000, while held, with the intention to procure another homestead with the proceeds, for 2 years. ... The exemption extends to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants, and to any estate less than a fee.

menced divorce proceedings against him. Shortly after the proceedings were commenced, Nabbefeld moved out of the family homestead located at 7462 Van's Court, Kaukauna, Wisconsin. He moved into a rented room and later on into a rented apartment in the same town. On May 19, 1986, the Family Court Commissioner issued a "Temporary Order" directing Nabbefeld to vacate the residence of the parties and in fact indicating that he had already done so.

On October 1, 1986, Loretta Nabbefeld was granted an absolute divorce by the Circuit Court of Outagamie County, Wisconsin. The parties stipulated to a division of property, which stipulation is attached to the divorce judgment and incorporated therein by reference. Paragraph 6 of the stipulation provides:

6. Petitioner shall receive the homestead of the parties with an approximate value of $52,500.00 and a Mortgage of $22,000.00. Petitioner shall make all mortgage payments. Respondent shall have a Lien of $15,250.00. Lien shall be payable when whatever event occurs first—remarriage of the Petitioner, death of the Petitioner, sale of the house by the Petitioner or the youngest child attains the age of 18 yrs. At that time the Lien is due and payable with no interest.

Paragraph 4 of the court's conclusions of law states:

4. The provisions of the final stipulation on file herein, a copy of which is attached hereto, are made a part hereof and incorporated herein by reference as if fully set forth at length herein. The division of property and transfers of title therein are approved, and each is divested of any title in and to the property of the other party.

At the time of the divorce, the parties had been married for some 15 years or more, and they had owned their home on Van's Court for around six or seven years. Mrs. Nabbefeld and their two minor children continue to live in the Van's Court home, while the debtor presently resides in Fond du Lac, Wisconsin in a rented apartment. He has not remarried. The parties have stipulated that if called upon to testify, the debtor would state that he considered his interest in the Van's Court property to be and intended it as his homestead. His attorney has stated that "if it became necessary for Mr. Nabbefeld to so protect his interest, he could arrange to move back into the original homestead." Just how this would be "arranged" was not explained. Nabbefeld does not have and has not had any other interest in real or personal property that he could claim exempt as a homestead.

The foregoing facts of this case are not unlike those in a case decided under the old Bankruptcy Act, *In re Beilke*, No. 71–B–2423 (Bk.ED WI 1972), an unreported decision of Honorable Howard W. Hilgendorf, a former judge of this court. In each case, there was a divorce followed by the debtor husband occupying rented quarters, and the ex-wife and children living in the property claimed exempt as a homestead. In each case, the husband was ordered out of the property, although Nabbefeld in fact left before the order was made. In each case, the bankruptcy trustee objected to the debtor's homestead exemption claim on the ground that he was not occupying the property.

The principal difference between the cases is that in *Beilke*, the divorce decree gave the husband an undivided interest as a tenant in common and the wife the right to remain in the home until it was sold, whereas in this case, the decree provides that the wife "shall receive the homestead of the parties" and the debtor "shall have a Lien" to be paid upon the occurrence of any of four events.[2] Nothing is said con-

---

2. The debtor did not deed his interest in the property to Mrs. Nabbefeld following the divorce, and the divorce decree was not recorded with the Register of Deeds for Outagamie County. Although it is not entirely clear that the debtor has been divested of his title to the property, the court assumes for the purposes of this case that the language in the stipulation and the court's conclusion of law No. 4 effected a transfer of title to the wife.

cerning occupation of the property, and the trustee notes that when Nabbefeld initially removed himself from the property, it was by agreement and not because he was forced out of the property.

Pointing to Wisconsin case authority which holds that the Wisconsin exemption laws should be given a liberal construction to effect their purpose, Judge Hilgendorf ruled against the trustee and in favor of the debtor's homestead exemption claim in the *Beilke* case. He stressed the fact that the language of the divorce judgment showed it was the intent of the divorce court to preserve the homestead rights of both parties until the property was sold.

*Beilke* was cited and followed in *In re Lumb*, 12 B.R. 862 (Bk.ED WI 1981), and *Lumb* was affirmed on appeal by the district court for this district (Case No. 81–C–1159, June 17, 1982). The district court referred to "a small but consistent line of [Wisconsin] cases" which hold that persons who are involuntarily removed from their homesteads do not lose their homestead rights in the property. The court said:

> In sum, while the Wisconsin Supreme Court has been strict in requiring that persons able to exercise a reasonable degree of volition in their place of residence prove by some one or more concrete acts, and not merely through expressed intent, their intent to maintain certain property as a homestead, and also prove their present entitlement to reside on the claimed homestead property, the Court has been more lenient toward persons who indisputably established a homestead and then were forced by circumstances not of their own making to leave the homestead premises.

The case of *In re Neis*, 723 F.2d 584 (7th Cir.1983), also deals with the issue of whether a debtor is entitled to a Wisconsin homestead exemption in a home he has left because of a pending divorce. In the *Neis* case, following marital difficulties, the debtor had moved out of the premises he was claiming exempt, and had lived in a number of other properties, some of which he owned. The court held that whether or not the debtor could claim his original

home as exempt at the time in question depended upon his intent at that time— whether he had intended to abandon or to maintain his homestead in that property, or whether he intended to create a new homestead when he moved into the other property that he owned.

In view of the cases cited, it seems clear that if the divorce decree had left Nabbefeld with an interest in the title to the property and then awarded his wife the right to occupy the property, the trustee would not have felt obligated to even raise a question regarding his right to the homestead exemption. Since no explanation has been offered as to why the attorneys used the language they did in drafting the agreement, the court surmises it was solely a matter of inadvertence that permitted this issue to arise.

Nabbefeld has no other property of any kind—only the Van's Court home—that he could claim exempt as a homestead. He would testify, if asked, that he looks upon the Van's Court home as his homestead, and there is no reason to disbelieve him and no evidence to the contrary. The statute itself expressly provides that it extends "to any estate less than a fee." *Lueptow v. Guptill*, 56 Wis.2d 396, 202 N.W.2d 255 (1972) (land contract vendee can claim homestead exemption in vendee's equitable interest in the real estate).

Based upon the facts and circumstances of this case, the authorities set out above, and Wisconsin's strong public policy to protect the homestead exemption and construe the homestead statutes liberally in favor of the debtor, the court holds that the debtor may claim a homestead exemption with respect to his interest in the Van's Court home.

This decision shall stand as and for findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.