**In re Anthony and Rebecca DeMASI.**

**Civ.A. No. 98–16L.**

United States District Court,
D. Rhode Island.

Dec. 4, 1998.

Robert L. LaPointe, Rumford, RI, for Appellants.

Mark Wallick, Wallick & Paolino, Warwick, RI, for Appellee.

## DECISION AND ORDER

LAGUEUX, Chief Judge.

Anthony and Rebecca DeMasi (the "Debtors") filed for bankruptcy under Chapter 7, and they ask to exempt real property that Anthony DeMasi ("DeMasi") owns in Rhode Island. The issue is whether that property qualifies as a "residence" under 11 U.S.C. § 522(d)(1).

The property at issue is the house on Hillview Avenue, Providence, Rhode Island, where DeMasi grew up. DeMasi's father originally owned the house, and his aunt Mary Blakely lives there now. Ownership, after a deed filed in 1992, is split between Blakely, Anthony Demasi and his brother Robert DeMasi. Thus, Blakely holds a life estate and Anthony and Robert Demasi own a remainder interest as tenants in common.

At the time of the bankruptcy filing, DeMasi did not live in the house. It is undisputed that DeMasi intends to move into the house when Blakely dies and that Blakely either refused to let him move in or actually ejected him when he tried. Therefore, the issue is whether 11 U.S.C. § 522(d)(1) applies to a person with a remainder interest in property where he resided previously, where he intends to reside later, but where he did not live at the time of filing for bankruptcy for reasons beyond his control.

At a hearing on October 22, 1997, the Trustee objected to the Debtor's exemption under 11 U.S.C. § 522(d)(1), and Bankruptcy Judge Arthur Votolato ruled for the Trustee as a matter of law. Hearing this case de novo, this Court reverses.

## I. *Jurisdiction and Standard of Review*

This Court has jurisdiction to hear appeals from judgments, orders, and decrees of the Bankruptcy Court. *See* 28 U.S.C. § 158(a). On appeal from a decision of the Bankruptcy Court, this Court sits as an intermediate appellate court. Such appeals are "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Id.* § 158(c)(2); *see also In re Mayhew,* 223 B.R. 849, 854 (D.R.I.1998). Accordingly, the standard of review is a bifurcated one. While the Bankruptcy Court's findings of fact are reviewed for clear error, *see* Fed.R.Bankr.P. 8013, its conclusions of law are afforded plenary review, *see In re Edmonston,* 107 F.3d 74, 75 (1st Cir.1997); *In re Williams,* 190 B.R. 728, 732 (D.R.I.1996). Furthermore, this Court is not bound to remain within the confines of the Bankruptcy Court's reasoning for its decision, but is free to affirm the decision below on any ground supported by the record. *See In re Erin Food Servs., Inc.,* 980 F.2d 792, 801 (1st Cir.1992); *In re Hemingway Transport, Inc.,* 954 F.2d 1, 9 (1st Cir.1992).

## II. *"Residence" Under 11 U.S.C. § 522(d)(1)*

Neither this Court nor the parties has uncovered precedent defining "residence" un-

der 11 U.S.C. § 522(d)(1) in this kind of situation. Thus, the First Circuit has been silent on this subject. The cases cited or noted have been overwhelmingly trial court decisions applying state law definitions in states, such as Maine and Connecticut, that opted out of the federal exemption.

■ Under federal law, residence should be flexibly defined. *See In re Grindal,* 30 B.R. 651, 652–53 (Bankr.D.Me.1983). Generally, a residence will refer to a home that a debtor owns and occupies at the time of the filing. However, the determining factor should not be so mechanical as to require a debtor to occupy the home on the filing date or use the address on the bankruptcy filing.

■ This Court will examine the totality of the circumstances to decide whether this house qualifies as the debtor's residence. It, thus, will look to the exemption's goals, namely the obvious intent to protect a debtor's family home. The family home has value both as an implement of economic recovery similar to the "tools of the trade" exception, *see* 11 U.S.C. § 522(d)(6), and as an heirloom similar to the "family jewelry" exception, *see* 11 U.S.C. § 522(d)(4). The debtor's intention at the filing date is a key factor, but it does not carry controlling weight as suggested by DeMasi's counsel.

■ In this case, DeMasi owns real property. Although DeMasi cannot occupy the house now, a remainder interest is an ownership interest in real property. This is not a share of a trust or other similar financial instrument. *Cf. In re Bowers,* 222 B.R. 191, 193 (Bankr.D.Mass.1998) (debtor owned interest in a trust, and could not reside in his one-third interest). Similarly, DeMasi has a meaningful ability to occupy this home within a reasonable time. This is not ownership of undeveloped land. *Cf. In re Bennett,* 192 B.R. 584, 585–88 (Bankr.D.Me.1996) (debtors had no concrete plans to build a home after a decade of ownership and a year after filing).

DeMasi intends to occupy the property as soon as the law allows, and his actions speak louder than words from which a subjective intent can be inferred. DeMasi has attempted to move into the house. Blakely has prevented him from doing so. However, DeMasi can occupy the house at Blakely's death, and it is undisputed that the other co-owner, Robert DeMasi, will allow him to live there without demanding a partition.

■ The indefinite nature of Blakely's life estate makes this an unusual case. It is true that DeMasi may not be able to set foot into his "residence" for some years, although Blakely is in her eighties and he is a generation younger. However, the life estate is a bedrock, if disfavored, concept of property law. DeMasi's family obviously intended to keep this home in the DeMasi family, and debtor has acted consistently to retain this house as a family residence. Not only is this the DeMasi family home, but debtor does not own another home. The Court would look with disfavor upon a debtor inspired by bankruptcy to claim an intention to "reside" in a former investment property or in an ancestral home that merely offers more value or equity than the house the debtor currently owns.

DeMasi's interest in this property has value that can be measured. Debtor's uncontested contention is that the fair value of the whole is $100,000 and debtor's one half remainder interest is worth $26,000.

For the preceding reasons, this Court concludes that this home is DeMasi's "residence" under the peculiar circumstances of this case. The Bankruptcy Court hereby is reversed. The case is remanded to the Bankruptcy Court for entry of an appropriate order consistent herewith.

It is so Ordered.