# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1576

_____

In re: Steven R. Johnson     *
    *
      Debtor.     *
    *
_____     *    Appeal from the United States
    *    Bankruptcy Appellate Panel
Jasmine Z. Keller     *    of the Eighth Circuit.
    *
      Appellant,     *
    *
      v.     *
    *
Steven R. Johnson     *
    *
      Appellee.     *
    *

_____

Submitted: February 13, 2004
Filed: July 12, 2004

_____

Before MELLOY, MCMILLIAN, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Steven Johnson ("debtor") and his wife divorced in 2001. As part of the property settlement, the debtor's former spouse was awarded "all right, title and interest of [sic] the homestead of the parties," subject to all encumbrances of record

and a lien in favor of the debtor. The debtor's former spouse and their minor daughter reside on the premises.

The debtor filed for Chapter 13 bankruptcy relief in 2002. He claimed that his lien on his ex-wife's homestead was exempt under 11 U.S.C. § 522(d)(1). The Chapter 13 Trustee, Jasmine Z. Keller ("trustee"), objected to the exemption. The bankruptcy court overruled the objection, and the bankruptcy appellate panel affirmed. We reverse and hold that the debtor's lien does not qualify as an exemption under 11 U.S.C. § 522(d)(1).

We review the bankruptcy court's legal conclusions in the same manner as the bankruptcy appellate panel, using a de novo standard of review. Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.), 235 F.3d 375, 379 (8th Cir. 2000).

Pursuant to 11 U.S.C. § 522(d)(1), a debtor may exempt "[t]he debtor's aggregate interest, not to exceed $17,425 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ." The question we must resolve is whether the debtor's lien interest in his dependent's residence, which arose out of a Minnesota marriage dissolution decree, qualifies as an aggregate interest in real or personal property that the debtor or a dependent of the debtor uses as a residence.

The Bankruptcy Code defines "lien" as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). Because the Bankruptcy Code does not indicate whether a lien arising from a dissolution decree is a mere charge against property or, instead, an interest in property, we turn to state law for guidance. See Barnhill v. Johnson, 503 U.S. 393, 397-98 (1992) ("What constitutes a transfer and when it is complete is a matter of federal law . . . . [T]he [Bankruptcy Code] itself provides a definition of 'transfer' . . . that . . . in turn includes references to parting with 'property' and 'interest in

property.'  In the absence of any controlling federal law, 'property' and 'interests in property' are creatures of state law.") (internal quotation omitted); <u>Butner v. United States</u>, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law.  Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

Under Minnesota law, a lien is a "[c]harge upon land for the payment of a debt or duty.  A lien is [in] no sense an estate or interest in the land." <u>Gau v. Hyland</u>, 41 N.W.2d 444, 448 (Minn. 1950) (citations omitted).  Liens arising out of  Minnesota marriage dissolution decrees are no different.  Such a lien does not represent a continuation of the debtor's prior common ownership of the marital estate, but rather is "simply collateral for a debt."  <u>State Bank of Pennock v. Schwenk</u>, 395 N.W.2d 371, 375 (Minn. Ct. App. 1986); <u>see also</u> <u>Mueller v. Buckley</u> (<u>In re Mueller</u>), 215 B.R. 1018, 1024 n.8 (B.A.P. 8th Cir. 1998) (noting that under Minnesota law, a lien arising out of a dissolution decree is "merely collateral for a debt" and "does not constitute an interest in  land") (internal  quotations omitted).  This collateral is considered "personal property rather than an interest in real property." <u>Granse & Assocs., Inc. v. Kimm</u>, 529 N.W.2d 6, 8 (Minn. Ct. App. 1995).

Thus, we must consider whether a "[c]harge upon land for the payment of a debt or duty," <u>Gau</u>, 41 N.W.2d at 448, qualifies as an "aggregate interest . . . in real property or personal property that the debtor or a dependent of the debtor uses as a residence . . . ." 11 U.S.C. § 522(d)(1).  We hold that it does not. First, although the debtor's lien is a personal property interest under Minnesota law, neither the debtor nor his dependent uses the lien as a residence.  Second, the debtor has no ownership or possessory interest in the residence.  We do not believe the debtor's mere collateral interest in the  residence  rises  to  the  level  of  a  homestead right  under 11 U.S.C. § 522(d)(1).

Based on the foregoing, we reverse the judgment of the bankruptcy appellate panel and remand to the bankruptcy court for further proceedings consistent with this opinion.

_____