### In re Loretta Merry BOWARD, Debtor.

### No. 03–17995–RS.

United States Bankruptcy Court, D. Massachusetts, Eastern Division.

Aug. 29, 2005.

---

David Baker, Esq., for Debtor.

Andrew Lizotte, Esq., for Chapter 7 Trustee.

### *MEMORANDUM OF DECISION AND ORDER REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION*

ROBERT SOMMA, Bankruptcy Judge.

Before the Court is an objection by the Trustee seeking denial of the Debtor's claim of exemption in her share of the proceeds from the sale of the Debtor's former marital residence. For the reasons stated below, the Court sustains the Trustee's objection.

### *BACKGROUND*

The basic facts of the matter are not in dispute. The Debtor filed the within case on September 24, 2003 ("Petition Date"). Prior and subsequent events bear upon the matter at hand.

Before the Petition Date, the following occurred. On October 30, 2002, the Debtor's spouse commenced divorce proceedings (not yet completed) in the California state court. In February 2003, the Debtor vacated the marital residence ("Marital Residence") and relocated to Massachusetts where she became and has remained resident and gainfully employed. In August, 2003, the Debtor transferred her interest in the Marital Residence to her spouse, whereupon he promptly sold it. From the net sale proceeds, he paid the Debtor's share ("Exemption Proceeds") to one of the Debtor's judgment creditors who had obtained an attachment on her interest in the Marital Residence within ninety days of the Petition Date ("Judgment Creditor"). He retained the balance for himself.

On the Petition Date (or shortly thereafter), the Debtor filed a Form Schedule C in which she claims a $17, 425 exemption in the Exemption Proceeds, citing § 522(d)(1) of the Bankruptcy Code ("Exemption Claim"). Further, she indicated on her petition that she is domiciled or resident in Massachusetts.

After the Petition Date, the Trustee took two actions: first, he objected to the Exemption Claim; and second, he sued the Judgment Creditor to recover the Exemp-

tion Proceeds, alleging various facts and citing various causes of action warranting such recovery. On June 29, 2005, after notice and hearing, in the absence of creditor objection and after consideration of the applicable standard, the Court authorized and approved a settlement between the Trustee and the Judgment Creditor whereby the Trustee recovered $60,000 of the Exemption Proceeds paid to the Judgment Creditor. Of that amount, the Court ordered $17,425 held in escrow pending resolution of the Exemption Claim ("Exemption Escrow"). On August 10, 2005, the Court held a hearing on the Exemption Objection.

At issue is whether the Debtor can properly claim, under Section 522(d)(1), an exemption in her share of the net proceeds from the sale of the Marital Residence in the circumstances above noted.

## DISCUSSION

Section 522(d)(1) affords a debtor the opportunity to elect a federal bankruptcy law exemption in real property that the debtor "uses as a residence." 11 U.S.C. § 522(d)(1). The statutory language is free of ambiguity and plain in its meaning: the debtor must be residing in the property at the time of the commencement of the bankruptcy case. The Code does not anywhere define "residence" or "reside," but bankruptcy courts have construed these terms to mean living in a particular place on more than a transient basis. *E.g., In re Marsico,* 278 B.R. 1 (Bankr.D.N.H.2002). Some courts use a more flexible standard and consider "the totality of the circumstances" in construing "residence" for federal exemption purposes. *E.g., In re DeMasi,* 227 B.R. 586 (D.R.I.1998).

Here, two factors militate against the Exemption Claim, however flexible the standard employed and however broadly viewed the circumstances. *First,* on the Petition Date, the Debtor had been residing in Massachusetts for eight months prior to the Petition Date, not in the Former Residence; and *second,* the Debtor had transferred her interest in the Former Residence, and it had been sold, almost two months before the Petition Date. Perhaps in recognition of these facts and their import, at the hearing on the Exemption Objection, the Debtor's counsel conceded that the § 522(d)(1) exemption was not available to the Debtor. However, he argued that the California state law homestead exemption *is* available to the Debtor (though she has yet to claim it), tying his concession to a reservation of the Debtor's right to claim that state law exemption.

With respect to the California state law homestead exemption, the Trustee asks that the Court bar the Debtor from claiming it as a means of reaching the Exemption Escrow. This request runs afoul of Rule 1009(a) of the Rules of Bankruptcy Procedure, which grants an absolute right to the Debtor to amend Schedule C "as a matter of course at any time before the case is closed." The Trustee's rationale or justification for such pre-emptive strike is his contention that the matter of the Debtor's entitlement to such state law exemption has been previously argued by the parties and considered by the Court. While the claim has indeed been the subject of argument at various times before the Court, it has not been fully and fairly presented to or considered by the Court. In the absence of such consideration and determination, the mandate of Rule 1009(a) cannot be deemed overridden.

Accordingly, while it is clear that the Debtor is not entitled to the Exemption Claim (or the Exemption Escrow by virtue of the Exemption Claim), it is also clear that she retains the right to assert the California state law homestead exemption

by amendment to her previously and timely-filed exemption schedule.

### ORDER

Upon consideration of the materials submitted, the arguments made at hearing, the record to date and the applicable law, the Court sustains the Trustee's objection as follows:

1. The Debtor's claim of exemption under Section 522(d)(1) of the Bankruptcy Code is **denied**.

2. The denial of the Debtor's claim hereunder is **without prejudice** to the Debtor's right to amend Schedule C in respect of her election of exemptions [1] and is further **without prejudice** to the Trustee's right to object to such amendment and amended exemption claim, any and all of which rights are fully reserved.

---

1. After the time for objecting to exemptions has passes, an amendment of the schedule of exemptions must be made by motion. See MLBR 1009–1.